**Ray A. JOHNSON, Sr. and Toni M. Johnson, Plaintiffs–Appellants,**

v.

**Andrew J. HAYDEN, Defendant– Appellee,**

and

**United States of America, Defendant–Appellee.**

Nos. 01–3661, 02–3585.

United States Court of Appeals, Sixth Circuit.

June 6, 2003.

Before: KENNEDY, SILER and GILMAN, Circuit Judges.

SILER, Circuit Judge.

In No. 01–3661, Plaintiffs, Ray A. Johnson, Sr. and Toni M. Johnson, appeal the dismissal of their civil rights action against Defendant Andrew J. Hayden, a Special Agent with the Federal Bureau of Investigation ("FBI"), alleging a constitutional tort under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The complaint alleged that Hayden knowingly and intentionally filed a false affidavit in support of his application for a search warrant on the Johnsons' residence and an arrest warrant for Mr. Johnson. In No. 02–3585, the Johnsons appeal the dismissal of their claims against the United States of America filed under the Federal Tort Claims Act ("FTCA") for actions taken by Agent Hayden. For the reasons that follow, we **REVERSE** the judgment of the district court in part and **AFFIRM** in part.

## I. BACKGROUND

### A. Facts

Both cases arise from the same set of underlying facts.[1] Beginning in 1997, the FBI, in a coordinated effort with other law enforcement officials, conducted a narcotics investigation that identified over twenty alleged participants in the sale and distribution of cocaine in and around Wooster and Canton, Ohio. These efforts revealed, among other things, that the Johnsons' son, Raymond Johnson, Jr. ("Junior"), was an active participant in the drug conspiracy. The Johnsons, who reside at 355 Webster Avenue, N.E., Canton, Ohio, were not involved in the drug conspiracy.

On August 20, 1997, a magistrate judge issued numerous arrest and search warrants, including a search warrant for the Johnsons' residence and an arrest warrant for Mr. Johnson, based upon an eighty-five page affidavit provided by Agent Hayden. The affidavit cited, as the basis for probable cause, the purported illegal activities of "Ace" as well as the fact that cars and a cell phone/pager owned by Junior were registered to the Johnsons' home. It also identified three other known residences of Junior, and did not contain any other information linking Junior to the Johnsons' home. It incorrectly identified Mr. Johnson as "Ace," a known participant in the drug conspiracy.

The following morning, approximately twenty federal and local law enforcement officials, carrying guns and wearing masks to hide their identities, raided the Johnsons' residence. The officers handcuffed the Johnsons and removed the couple's nine-year old son. Mrs. Johnson urinated on herself due to fright. The officers allegedly pointed a loaded gun to Mr. Johnson's head while they interrogated him about the whereabouts of other suspected drug conspirators. He was told that the officers were there to arrest him and no one else. At one point during the interrogation, one of the agents also allegedly placed an automatic pistol inside Mr. Johnson's underwear.

Following the raid on the Johnsons' home, the FBI issued a press release to a local newspaper, *The Canton Repository*, identifying the members of the drug conspiracy. Mr. Johnson's photo was mistakenly among them. The FBI printed a retraction the following day. Mr. Johnson,

---

1. Because both cases were dismissed under Rule 12(b)(6), the facts are presented as they were alleged in the Johnsons' complaints.

who is disabled, was subsequently hospitalized for thirty days at the Cleveland Clinic where he was diagnosed with post-traumatic stress disorder.

## B. Procedural History

### 1. *Case No. 01–3661*

In 1998, the Johnsons filed a *Bivens* complaint in the United States District Court for the Northern District of Ohio against Hayden and several other federal officers. The complaint alleged, *inter alia,* that the defendants violated the Johnsons' Fourth and Fifth Amendment rights by actions taken in connection with the filing of the affidavit, the execution of the search warrant, and the issuance of the erroneous press release. The complaint also alleged various state-law claims, including false imprisonment, battery, and intentional infliction of emotional distress.

The defendants moved to dismiss under Fed.R.Civ.P. 12(b)(2), (5) and (6), claiming insufficient service of process, lack of personal jurisdiction, and qualified immunity. On June 16, 1999, the district court dismissed with prejudice the Johnsons' Fourth Amendment claims that the search warrant was based on a false affidavit and that the officers conspired to violate their constitutional rights, reasoning that the defendants had failed to state their claim with sufficient specificity. The court also dismissed with prejudice the Johnsons' Fifth Amendment procedural due process claim of defamation stemming from the inaccurate press release.

Without reaching the merits of the claims, this court reversed the district court's order to the extent that it dismissed any of the Johnsons' claims with prejudice, finding that none of the defendants was properly served within the 120-day period allotted by the Fed.R.Civ.P. 4(m). The case was remanded to the district court with instructions to dismiss the complaint in its entirety without prejudice for lack of personal jurisdiction. *Johnson v. Hayden,* No. 99–3959, 2000 WL 1234354 (6th Cir. Aug. 24, 2000) (unpublished disposition).

On September 27, 2000, the Johnsons filed a second complaint against Hayden, alleging the same causes of action. Hayden then filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the Johnsons' second action was barred by the applicable two-year statute of limitations and the doctrine of issue preclusion. The district court denied the motion, but later dismissed the action on grounds that the Johnsons failed to allege a violation of their constitutional rights with sufficient specificity.

### 2. *Case No. 02–3585*

The Johnsons also filed a complaint against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, *et seq.,* alleging the tort claims of assault, battery, false imprisonment, abuse of process, malicious prosecution, negligence, intentional infliction of emotional distress, and property damage. The case was dismissed without prejudice for failure to exhaust administrative remedies, but was later reopened.

The United States moved to dismiss all claims except those for assault and battery, intentional infliction of emotional distress, and property damage. On June 15, 2002, the district court dismissed the Johnsons' abuse of process, malicious prosecution, and false imprisonment claims, as well as Mrs. Johnson's assault and battery claims. Discovery proceeded on the remaining tort claims of intentional infliction of emotional distress, property damage, and Mr. Johnson's assault and battery claims. The Johnsons filed a motion pursuant to Fed.R.Civ.P. 41(b) seeking volun-

tary dismissal of the remaining claims, which the district court granted.

## II. STANDARD OF REVIEW

This court reviews *de novo* a district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Goad v. Mitchell*, 297 F.3d 497, 500–01 (6th Cir.2002). In reviewing a Rule 12(b)(6) motion to dismiss, this court must construe the complaint in the light most favorable to the plaintiffs, accept all well-pleaded factual allegations as true, and determine whether the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Id.*

## III. DISCUSSION

### A. Statute of Limitations in the *Bivens* Action

As an initial matter, Hayden argues that the Johnsons' second complaint in the *Bivens* action is barred by the applicable two-year statute of limitations.[2] The district court ruled that the second complaint was timely on grounds that the doctrine of equitable tolling or the Ohio one-year savings statute applied to the refiling of the complaint.[3] A district court's application or rejection of equitable tolling is reviewed for abuse of discretion. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998).

The Johnsons filed their initial complaint well within the applicable time period, but service was not perfected within 120 days as required by Fed.R.Civ.P. 4(m). Rather than dismissing the original complaint without prejudice for lack of personal jurisdiction, however, the district court erroneously addressed the merits of the underlying claims and dismissed the action with prejudice on June 16, 1999. As a consequence, principles of *res judicata* prevented the Johnsons from refiling their complaint until this court reversed the district court decision and judgment was entered on September 1, 2000.

"[E]quitable tolling applies only when a litigant's failure to meet a legally-mandated deadline arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir.2000). Hayden argues that equitable tolling is not available in cases where the plaintiff failed to perfect service. However, the cases upon which he relies are distinguishable from the instant case in that external circumstances did not prevent the plaintiff from refiling. *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28–29 (6th Cir.1987) (rejecting plaintiff's request for tolling where his complaint was dismissed without prejudice); *Friedman v. Presser*, 929 F.2d 1151, 1156–58 (6th Cir. 1991) (rejecting plaintiff's argument that tolling should apply where plaintiff asked for a stay in proceedings and did not properly serve the defendant).

Because dismissal on the merits was erroneous and the Johnsons refiled their claims within thirty days after the district court entered judgment on re-

---

**2.** The statute of limitations in this case is governed by the two-year Ohio statute of limitations for personal injury actions. O.R.C. § 2305.10. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

**3.** The Ohio one-year savings statute, Ohio Revised Code § 2305.10, provides:

In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. . . .

mand, we agree with the district court that equitable tolling should apply. *See Clymore v. United States,* 217 F.3d 370, 376 (5th Cir.2000) (finding dismissal with prejudice and the plaintiffs inability to refile due to *res judicata* to weigh in favor of equitable tolling); *see generally Thomson v. Harmony,* 65 F.3d 1314, 1321 n. 8 (6th Cir.1995). As the district court properly concluded, its own errant ruling, rather than the Johnsons' neglect, caused the second complaint to be filed after the limitations period expired. Equitable tolling merely places the Johnsons in the same position they would have been had the district court properly dismissed the claims without prejudice. Accordingly, the district court did not abuse its discretion.

## B. Dismissal of the *Bivens* Action

Relying on *Veney v. Hogan,* 70 F.3d 917 (6th Cir.1995), the district court dismissed the Johnsons' complaint for failure to satisfy the heightened pleading standard that previously applied when defendants raise the affirmative defense of qualified immunity. On appeal, the Johnsons argue that their complaint is sufficient to withstand a motion to dismiss now that this circuit has repudiated its heightened pleading requirements in civil rights actions.[4]

At the time of the district court's ruling, this circuit imposed a heightened pleading standard on civil rights plaintiffs accusing government officials of unconstitutional motive. *See, e.g., Kain v. Nesbitt,* 156 F.3d 669, 672 (6th Cir.1998); *Veney,* 70

F.3d 917. However, in *Goad v. Mitchell,* 297 F.3d 497, we formally recognized this heightened standard as inconsistent with the Supreme Court decisions in *Crawford–El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998), and *Swierkiewicz v. Sorema,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). *See also Rippy ex rel. Rippy v. Hattaway,* 270 F.3d 416, 427 (6th Cir.2001) (Gilman, J., concurring).

Under *Goad v. Mitchell,* "district courts must [now] accept as specific, nonconclusory allegations of fact those allegations that provide circumstantial evidence of improper intent." 297 F.3d at 505. Thus, the Johnsons need not satisfy the heightened pleading standard applied by the district court. Rather than remanding this case to the district court for further proceedings, however, we undertake a *de novo* review of the Johnsons' complaint to determine whether its allegations are adequate to state a claim in the absence of any heightened pleading standard.

It is well-established that a government investigator is liable for violating the Fourth Amendment when he deliberately or recklessly submits false and material information in a warrant affidavit. *Ahlers v. Schebil,* 188 F.3d 365, 373 (6th Cir.1996); *Yancey v. Carroll County,* 876 F.2d 1238, 1243 (6th Cir.1989) (holding that "an officer cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities

---

4. The Johnsons also argue that the district court inappropriately considered the warrant affidavit when ruling on their Fourth Amendment claims. Generally, courts cannot consider matters outside of the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir.1989). However, exhibits attached to a complaint or a motion to dismiss may be considered when explicitly referenced in the plaintiff's complaint. *Nieman v. NLO, Inc.,*

108 F.3d 1546, 1554 (6th Cir.1997); *see also Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir.1997) (holding that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993)). Nevertheless, the Johnsons may continue to dispute the truthfulness of the affidavit's contents.

the judge would not have issued the warrant."). To overcome the investigator's entitlement to qualified immunity, however, a plaintiff must establish: (1) a substantial showing that the defendant stated a deliberate falsehood or showed reckless disregard for the truth and (2) that the allegedly false or omitted information was material to the finding of probable cause. *Hill v. McIntyre,* 884 F.2d 271, 275 (6th Cir.1989) (applying test set forth in *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to evaluate a § 1983 claim); *see also Wilson v. Russo,* 212 F.3d 781, 786–87 (3d Cir.2000).

■ The Johnsons' complaint alleges that Hayden knowingly included false information, material to the finding of probable cause, in the warrant affidavit. First, it states that Hayden's inclusion of the informant's identification statement—that an informant identified photographs of Mr. Johnson as being identical to the drug dealer Ace—was knowingly false or reckless because Hayden knew that Mr. Johnson was not Ace. Second, the Johnsons argue that statements suggesting that Junior resided with them at 355 Webster Avenue, and that his car and cellular telephone were registered to that address, were also knowingly false because Hayden had personal knowledge that Junior actually lived elsewhere. Finally, as evidence that Hayden acted with reckless disregard for the truth, the Johnsons point to the fact that, although Hayden participated in the investigation, he did not disclose to the judge that FBI investigations failed to produce evidence of wrongdoing on the part of the Johnsons.

Since we cannot say that the Johnsons can prove no set of facts in support of their

Fourth Amendment claim that would entitle them to relief, the allegations in their complaint are sufficient to survive a motion to dismiss. Accordingly, we reverse the decision of the district court and remand for further proceedings.

## C. Federal Tort Claims Act (FTCA)

The Johnsons also appeal the district court's dismissal of various common law tort claims filed pursuant to the FTCA, 28 U.S.C. §§ 1346(b) and 2671–80.[5] The district court dismissed the Johnson's assault, battery, and false imprisonment claims on grounds that the officers' actions were privileged as a matter of law since the Johnsons failed to state with sufficient particularity that probable cause was lacking. *See Michigan v. Summers,* 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981) (holding that law enforcement officers may detain occupants present during the execution of a valid search warrant); *see also United States v. Fountain,* 2 F.3d 656 (6th Cir.1993), *overruled on other grounds, Trepel v. Roadway Express, Inc.,* 194 F.3d 708, 717 (6th Cir.1999). Because we reversed the district court on the issue of probable cause with respect to the Johnsons' Fourth Amendment claim, their tort law claims for assault, battery, and false imprisonment are consequently revived.

We affirm the district court's dismissal of Johnson's claims for malicious prosecution and abuse of process, however. Under Ohio law, abuse of process consists of the following three elements: (1) a legal proceeding has been set in motion in proper form and with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct

---

5. On appeal, the Johnsons attempt to raise a new legal argument in support of their negligence claim. This basis of this claim was not before the district court, and therefore, this argument is not properly before this court. *See Boone Coal & Timber Co. v. Polan,* 787 F.2d 1056, 1064 (6th Cir.1986).

damage has resulted from the wrongful use of process.[6] *Yaklevich v. Kemp, Schaeffer & Rowe Co.,* 68 Ohio St.3d 294, 626 N.E.2d 115, 116 (1994). The Johnsons failed to allege that probable cause supported any actions of the officers and, as a result, their claim must be dismissed. Similarly, the Johnsons failed to state a claim for malicious prosecution because they did not allege that they were prosecuted, a necessary element of the claim under Ohio law. *See Trussell v. Gen. Motors Corp.,* 53 Ohio St.3d 142, 559 N.E.2d 732, 735 (1990).

## CONCLUSION

For the reasons stated herein, we **AFFIRM** the district court's finding that the *Bivens* action was timely filed, but **REVERSE** its dismissal of the action for failure to state a claim. With respect to those claims filed under the FTCA, we **REVERSE** the district court's decision to dismiss the assault, battery, and false imprisonment claims and **AFFIRM** the dismissal of the abuse of process and malicious prosecution claims. Both cases are **REMANDED** to the district court for further proceedings consistent with this opinion.

---

6. The FTCA borrows state substantive law of the place where the tort occurs. Therefore, Ohio law applies to this case. *Friedman v.* *United States,* 927 F.2d 259, 261 (6th Cir. 1991).