**Wendy HUGHLETT, Christina Gainer, Leslie Bell, Lora Ramsey–Labbe, Paula Labbe, Plaintiffs–Appellants,**

v.

**Jacquelyn ROMER–SENSKY, Arnold Tompkins, Wayne W. Sholes, Jo Ann Davidson, Defendants–Appellees,**

American Management Systems,
Bank One, Defendants.

No. 02–3886.

United States Court of Appeals,
Sixth Circuit.

March 4, 2004.

Connie F. Zemmelman, Britz & Zemmelman, Toledo, OH, Kimberly M. Skaggs, Equal Justice Foundation, Columbus, OH, for Plaintiff–Appellant.

Alan Schwepe, Asst. Atty. General, Office of the Attorney General, Environmental Enforcement Section, Columbus, OH, for Defendant–Appellee.

Before: BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

RALPH B. GUY, JR., Circuit Judge.

Plaintiffs appeal from the dismissal of the claims they asserted against two former directors of the Ohio Department of Jobs and Family Services (ODJFS), Arnold Tompkins and Jacquelyn Romer–Sensky, for deprivation of rights in connection with the state's child support enforcement services provided under Title IV–D of the Social Security Act, as amended by the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA). Publ. Law 104–193. 110 Stat. 2105 (1996).[1] Plaintiffs alleged that Tompkins and Romer–Sensky are individually liable under 42 U.S.C. § 1983 for having personally orchestrated and approved the acceptance, final development, and implementation of a computer system, the Support Enforcement Tracking System (SETS), while "knowing that faults in the program's architecture prevented it from operating in compliance with 42 U.S.C. § 657(a)(2) and its implementing regulations."

---

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. No other claims are at issue in this appeal. The district court entered judgment in favor of Wayne E. Sholes and Jo Ann Davidson when they were dropped from the First Amended Complaint, and plaintiffs have made clear that they have abandoned all claims against them. The district court also granted the motions to dismiss or for judgment on the pleadings filed by American Management Systems (AMS) and Bank One. Plaintiffs have voluntarily dismissed this appeal with respect to AMS and Bank One.

Specifically, plaintiffs alleged that known flaws in the SETS program allowed routine misappropriation of child support arrearages that had been assigned to the state as reimbursement for prior AFDC payments, in violation of 42 U.S.C. § 657(a)(2) (as amended by PRWORA). In addition, plaintiffs claim that custodial parents experienced delays in the disbursement of child support payments in violation of federal law requiring disbursements to be made within two business days of receipt, and had administrative fees withheld from child support payments in violation of federal law. Finally, plaintiffs alleged they were deprived of property interests in child support payments without due process of law.

After a review of the record and the arguments presented on appeal, we affirm the dismissal of the claims pertaining to the misappropriation of arrearages. Given our subsequent abrogation of the heightened pleading standard in *Goad v. Mitchell*, 297 F.3d 497, 502–03 (6th Cir.2002), however, we find it was error for the district court to have limited its consideration of the § 1983 claims arising under Title IV–D to the misappropriation of arrearages (count 1) and to have dismissed the due process claims for failure to describe the specific acts of the defendants that would constitute intentional or reckless deprivation of their due process rights (count 2). We also find that it was error for the district court to have found that *all* claims against Tompkins were barred by the statute of limitations. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. In doing so, we express no opinion whether plaintiffs have stated a claim under § 1983 or whether the defendants are entitled to qualified immunity.

## I.

The plaintiffs in this case, Wendy Hughlett, Christina Gainer, Leslie Bell, Lora Ramsey–Labbe and Paula Labbe, are custodial parents eligible under Title IV–D to receive child support enforcement services from the State of Ohio. The ODJFS is the state's Title IV–D agency overseeing services provided by local child support enforcement agencies. Federal requirements adopted in 1988 prompted the ODJFS to begin developing a statewide computerized child support collection and distribution system. The PRWORA amendments in 1996 made a number of changes to federal aid to needy families, including eliminating the Aid to Families with Dependent Children program (AFDC); substituting block grants under the Temporary Assistance to Needy Families program (TANF); and modifying provisions relating to the assignment, collection, and distribution of child support payments.

Arnold Tompkins, who was Director of ODJFS when the PRWORA was adopted, resigned in October 1998. He was succeeded by Jacquelyn Romer–Sensky, who served as Director until May 2001. On May 23, 2001, plaintiffs filed suit on behalf of themselves and other similarly situated parents seeking money damages for injuries caused by failures in the SETS program.

The individual defendants filed a joint motion to dismiss or for judgment on the pleadings, asserting qualified immunity and other grounds for dismissal. The district court denied the motion and allowed plaintiffs the opportunity to amend their complaint to satisfy the heightened pleading standard articulated by this court in *Veney v. Hogan*, 70 F.3d 917, 921 (6th Cir.1995). In the wake of the amended complaint, the individual defendants filed a motion to dismiss or in the alternative for summary judgment. In an opinion and

order entered on June 26, 2002, the district court granted their motion and entered judgment in favor of defendants. This appeal followed.

## II.

We review *de novo* the district court's decision to grant either a motion to dismiss or a motion for summary judgment. *Goad*, 297 F.3d at 500–01; *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997). A complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). While we must view the complaint in the light most favorable to plaintiffs and accept the well-pled facts as true, we need not accept legal conclusions or unwarranted factual inferences as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Summary judgment is appropriate when there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Because defendants asserted qualified immunity, the district court scrutinized plaintiffs' allegations for "specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity." *Veney*, 70 F.3d at 922. Plaintiffs challenged the *Veney* standard before the district court, arguing that it was inconsistent with recent Supreme Court precedent. *See Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (Title VII plaintiff cannot be required to plead *prima facie* case of discrimination); *Crawford–El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (no heightened pleading for civil rights plaintiffs in cases involving claims of qualified immunity). It was not until after the dismissal of plaintiffs' claims in this case, however, that we concluded that *Crawford–El* had invalidated the *Veney* standard. *Goad*, 297 F.3d at 502–03. With this in mind, we turn to plaintiffs' specific claims of error.[2]

## A. Deprivation of Rights under Title IV–D

Section 1983 imposes liability on one who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution or conferred by federal law. *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 275, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). When a plaintiff claims a deprivation of rights arising under federal law, the first question is whether the right is enforceable under § 1983. In *Blessing*, the Court identified three factors necessary to find such a right: (1) that Congress intended the provision to benefit the plaintiff; (2) that the right assertedly protected by the statute is not so " 'vague and amorphous' that its enforcement would strain judicial competence"; and (3) that the provision imposes a binding obligation on the state. *Id.* at 340–41 (citation omitted); *see also Westside Mothers v. Have-*

---

2. *Goad* recognizes that in cases in which improper motive is alleged and qualified immunity is or may be at issue, the district court may insist that a plaintiff put forward specific, nonconclusory factual allegations establishing improper motive causing cognizable injury by ordering a reply to the answer under Fed. R.Civ.P. 7(a), or by granting a motion for

more definite statement under Fed.R.Civ.P. 12(e). In closing, the court cautions that when improper motive is in question, district courts must accept as specific, nonconclusory allegations of fact those that provide circumstantial evidence of intent. 297 F.3d at 504–05.

*man*, 289 F.3d 852 (6th Cir.), *cert. denied*, 537 U.S. 1045, 123 S.Ct. 618, 154 L.Ed.2d 516 (2002) (Medicaid's screening and treatment provisions created right privately enforceable under § 1983).[3]

Looking beyond plaintiffs' broad assertion that federal standards for child support enforcement services are intended to "benefit" Title IV–D families, the district court found the amended complaint should be narrowly read to assert only a federal right conferred by § 657(a)(2) concerning limits on the authority of the ODJFS to appropriate child support arrearages. The district court indicated that these claims would be so limited because § 657(a)(2) was the only statutory provision specifically identified in the amended complaint as conferring a federal right enforceable under § 1983. Focusing exclusively on this claim that the ODJFS appropriated child support arrearage payments in violation of § 657(a)(2), the district court found plaintiffs could not state a claim upon which relief may be granted because there was no allegation that any of the plaintiffs had previously received public assistance or that the state had improperly appropriated child support arrearage payments to reimburse itself for those prior payments. In fact, only one plaintiff, Wendy Hughlett, averred that she was entitled to receive both arrearage and current child support payments.

■ On appeal, plaintiffs argue that the district court erred both by limiting their Title IV–D claims in this way and by requiring that they allege a personal violation of § 657(a)(2). Taking the latter contention first, we find no error in the

dismissal of claims based on the alleged misappropriation of arrearages. Notably absent from the amended complaint is any affirmative statement that plaintiffs themselves had received public assistance in the past or that the state had improperly appropriated arrearage payments from their child support distributions.

■ On the other hand, we find that it was error to have construed the amended complaint so narrowly. Although plaintiffs' amended complaint failed to tie their other Title IV–D claims to specific provisions of federal law, it nonetheless specifically alleged both the existence of such rights under federal law and that the plaintiffs experienced deprivations of those rights. As mentioned earlier, the amended complaint alleged that plaintiffs had the right to receive distribution of all collected support payments belonging to them (without regard for whether they had previously received assistance) within two business days of receipt by the state and without deduction of administrative fees. In response to defendants' motion to dismiss or for summary judgment, plaintiffs specifically identified 42 U.S.C. § 654b and 45 C.F.R. § 303.32(b), which govern the timing of distributions of collected child support payments, as the source of the rights they claim are enforceable under § 1983. Notably, § 654b in turn references § 657(a), which contains provisions concerning distributions to families who are receiving, have previously received, or have never received assistance. Since the district court did not address these claims, we decline to consider in the first instance

---

**3.** While the district court's application of *Blessing* is not challenged on appeal, we nonetheless note that the Supreme Court has clarified that the "benefit" language in the first factor should not be construed to allow enforcement of a statutory provision merely because "the plaintiff falls within the general

zone of interest that the statute is intended to protect." *Gonzaga*, 536 U.S. at 283. Instead, the question is whether the statutory provision contained the sort of " 'rights-creating' language critical to showing the requisite congressional intent to create new rights." *Id.* at 287.

whether, consistent with *Blessing* and *Gonzaga*, these provisions confer federal rights enforceable under § 1983.

■ We affirm the dismissal of the arrearages claims for failure to state a claim, but reverse and remand for further consideration of whether plaintiffs have stated a claim under § 1983 for delays in distribution of child support payments or deductions of administrative fees.[4]

## B. Due Process

■ Plaintiffs challenge the dismissal of their procedural due process claims, arguing that they adequately alleged deprivation of child support payments by routine operation of the support collection and disbursement system without notice and an opportunity to be heard. *See Phillips v. Washington Legal Found.*, 524 U.S. 156, 118 S.Ct. 1925, 141 L.Ed.2d 174 (1998) (interest on funds in IOLTA accounts is private property); *Sniadach v. Family Fin. Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (prejudgment garnishment violated procedural due process). Holding plaintiffs to the now-abrogated *Veney* standard, the district court found plaintiffs had failed to describe the defendants' actions with sufficient specificity to overcome qualified immunity and had asserted, at most, simple negligence in the operation of the child support distribution system. It is the district court's heavy reliance on *Veney* that requires us to reverse and remand for further consideration of whether plaintiffs have stated a claim for violation of due process and whether defendants are entitled to qualified immunity on the due process claims.[5]

As the district court observed, the amended complaint contained specific factual allegations describing plaintiffs' experience with missed payments, unexplained deductions, and delays in distribution of child support payments under SETS. These problems were asserted to have caused a taking of their property interests in the child support payments without due process. Plaintiffs also averred that the individual defendants were knowingly involved in developing, implementing, and/or operating SETS despite knowing that it would cause the alleged deprivations.

We agree with the district court that some of the specific allegations suggest that certain of the failures resulted from mere negligence in the execution of the distribution process, which cannot be the basis for individual liability under § 1983. In other allegations, however, plaintiffs asserted that they were injured as a result of systematic deductions from and delays in disbursement of child support payments caused by the SETS program. As a result, we cannot say plaintiffs completely

---

4. Plaintiffs seem to suggest that an enforceable right may be based on the general averment that Title IV–D services are intended to benefit Ohio families by protecting their right to receive collected support payments "timely, fully, reliably, and without cost or charge." To the extent that plaintiffs appeal from the implicit dismissal of claims based on such a right, we find no error. *Cf. Blessing*, 520 U.S. at 340–41 (Title IV–D substantial compliance requirement did not give rise to federal right for § 1983 purposes); *Clark v. Portage County*, 281 F.3d 602, 604–05 (6th Cir.2001) (state's lack of effectiveness in enforcing support obligations for Title IV–D eligible families does not give rise to a federal right).

5. While we assume for purposes of this appeal that plaintiffs have asserted a protected due process right, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). *See also LRL Props. v. Portage Metro. Hous. Auth.*, 55 F.3d 1097, 1110 (6th Cir.1995) (interest in procedures for obtaining Section 8 housing funds deemed insufficient).

failed to allege that defendants' intentional or reckless acts had deprived them of their asserted property interest without due process.

We recognize that the district court's conclusions relating to the due process claim included the statement that even if the *Veney* standard was not applied, plaintiffs "also failed to show that a genuine issue of fact exists as to whether plaintiffs were deprived of a property right by the deliberate or reckless acts of the defendants." While it very well may be that plaintiffs will be unable to establish a protected property right, come forward with evidence to demonstrate that deprivation of due process resulted from deliberate or reckless acts of these defendants, or overcome qualified immunity, the record before us is not sufficiently developed to allow us to affirm based on the district court's conclusory alternative finding. Because we find that the district court's reliance on the *Veney* standard in dismissing these procedural due process claims was error, we reverse and remand for further proceedings on the due process claims.

## C. Statute of Limitations

██ There is no dispute either that the § 1983 claims are subject to a two-year statute of limitations, or that a claim accrues when a plaintiff knows or has reason to know of the injury that is the basis for the lawsuit. *LRL Props. v. Portage Metro. Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir.1995); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir.1991). The district court concluded that because the plaintiffs would have had reason to know of deficient payments when they occurred, all claims based on deficient payments occurring on or before May 23, 1999, were barred by the statute of limitations because the complaint was filed on May 23, 2001. Plaintiffs do not contest this finding. Instead,

plaintiffs challenge the district court's further finding that *all* claims against Tompkins were barred because he left his job as Director of ODJFS on October 9, 1998.

We agree with plaintiffs that it was not the departure of Tompkins that commenced the limitations period unless at that point plaintiffs knew or had reason to know of the injuries that were the basis of their claims. Plaintiffs argue that they could not have known of the injury until the SETS program was declared fully operational in September 2000. Plaintiffs also assert that the defendants concealed their actions from the public, relying on the media reports disclosing problems with SETS in February 2001. Reversing dismissal of claims against Tompkins that allegedly arose after May 23, 1999, we leave the statute of limitations question for further development on remand.

For the reasons set forth above, we **REVERSE IN PART** the dismissal of plaintiffs' § 1983 claims against Tompkins and Romer–Sensky and **REMAND** for further proceedings consistent with this opinion.