**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0358n.06
Filed: May 18, 2006

**No. 04-5731**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WALT RUFFIN, individually and d/b/a Ruffin and Company, P.C., | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| GERALD F. NICELY, Commissioner of Tennessee Department of Transportation, et al. | ) ) ) | |
| Defendants-Appellees. | ) | |

Before: SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

ROGERS, Circuit Judge. This case concerns whether a complaint is sufficient to withstand a motion to dismiss after the defendants have pled the affirmative defense of qualified immunity. Plaintiff-Appellant Walt Ruffin is an African-American who operates an accounting and consulting business as Ruffin and Co., P.C. His various constitutional, statutory, and state-law claims concern one grant awarded by the Tennessee Department of Transportation (TDOT) and one subcontract awarded by Tennessee State University (TSU). Ruffin first alleges that he should have been awarded the grant that TDOT ultimately awarded to TSU. With that grant, TSU was to provide support services to "disadvantaged business entities." After receiving the TDOT grant, TSU solicited subcontract proposals for accounting and consulting services. Ruffin alleges that he also should have been awarded this subcontract.

Ruffin brought suit against the State of Tennessee, TSU, employees of TDOT, and employees of TSU. In his complaint, he asserted five claims: deprivation of equal protection, procedural due process, and free speech under 42 U.S.C. § 1983; conspiracy to deprive him of his constitutional rights under 42 U.S.C. § 1985; racial discrimination under Title VI of The Civil Rights Act of 1964, 42 U.S.C. § 2000d; racial discrimination under 42 U.S.C. § 1981; and retaliation under state law. The district court granted the defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b), after determining that the defendants were entitled to various forms of immunity and that Ruffin had failed to state claims for which relief could be granted. The district court also dismissed Ruffin's state-law retaliation claim, declining to exercise supplemental jurisdiction over a state-law claim after dismissing all federal claims.

We affirm in part and reverse in part. We affirm the district court's dismissal of Ruffin's due process claims and First Amendment claims for retroactive relief. We reverse, however, the district court's dismissal of Ruffin's First Amendment claims for prospective relief and his race-discrimination claims. Because Ruffin has stated in his complaint federal claims for which he could be entitled to relief, the district court on remand should reconsider whether, in light of this court's opinion, it should exercise supplemental jurisdiction over Ruffin's state-law claim.

**I.**

Tennessee, through the TDOT, receives millions in federal funding each year. JA 9 (Complaint ¶ 5). In exchange for this funding, the federal government requires that states assist

minority-owned businesses. JA 9 (Complaint ¶ 19). Federal regulations determine which individuals or businesses qualify as "disadvantaged business entities" (DBEs). JA 9 (Complaint ¶ 19). Tennessee is also required to ensure that individuals and businesses competing for TDOT contracts or TDOT-assisted contracts are not unlawfully discriminated against. JA 9 (Complaint ¶ 17).

Tennessee provides managerial, technical, and educational assistance to DBEs as part of its DBE program. JA 20 (Complaint ¶ 20). For several years prior to 2002, TDOT had contracted with the University of Tennessee (UT) for UT to provide these support services to DBEs across the state. JA 9 (Complaint ¶ 21). Ruffin is an African-American resident and citizen of Tennessee who operates an accounting and consulting business as Ruffin and Co., P.C. JA 7 (Complaint ¶ 18). In connection with UT, Ruffin provided support services to DBEs. JA 10 (Complaint ¶ 22).

*TDOT Grant to TSU*

On or about June 30, 2002, the contract between TDOT and UT expired. JA 10 (Complaint ¶ 23). After "a significant delay," TDOT issued a Request for Proposal, soliciting proposals from all entities and persons interested in competing for the contract. JA 10 (Complaint ¶ 23). To receive a TDOT contract, one must be "qualified." JA 10 (Complaint ¶ 24). Ruffin submitted a proposal to TDOT. JA 10 (Complaint ¶ 25). TSU also submitted a proposal to TDOT. JA 11 (Complaint ¶ 31). Ruffin alleges that TSU's proposal was substandard because TSU failed to include key personnel, including the names of those who would provide surety-credit counseling, accounting

services, and technology consultations. JA 11 (Complaint ¶¶ 31-33).

TDOT, however, later decided not to award its contract based on the competitive bids. JA (Complaint ¶ 26). Instead, TDOT converted its contract into a sole-source grant and awarded it to the Tennessee State University Small Business Development Centers (TSBDC). JA 10 (Complaint ¶ 26). TSBDC is co-funded by the United States Small Business Administration and the Tennessee Board of Regents. JA 39 (Complaint ¶ 38). Ruffin alleges that TDOT was required by federal regulations to solicit proposals and that the awarding of the contract/grant was arbitrary and capricious. JA 10 (Complaint ¶¶ 27-28). Moreover, Ruffin alleges that TDOT did not comply with federal and state rules pertaining to noncompetitive negotiation because it failed to define the work to be done and failed to choose the recipient based on the work plan submitted by the grantee with the grantee's proposal. JA 11 (Complaint ¶ 30).

Ruffin had complained in the past about TDOT's handling of the DBE program. He expressed these concerns in a February 7, 2003, letter to Ed Morris, Jr., who was the Director of the Civil Rights Division of the Federal Highway Administration. JA 11 (Complaint ¶ 35). Ruffin also complained about TDOT's failure to solicit proposals and TDOT's awarding of the sole-source grant to TSU. He expressed these concerns in a letter to Charles Klemstine of the Federal Highway Administration. JA 11 (Complaint ¶ 36). He does not specify when he sent this second letter. Ruffin alleges that all of the matters were of public concern. JA 12 (Complaint ¶ 37).

*TSU Subcontract*

Through a formal bid process, TSU solicited certain accounting and financial services on or about September 8, 2003, several months after receiving the TDOT grant. JA 12-13 (Complaint ¶¶ 42, 44). The proposal stated that the selected recipient of the contract would provide 2000 hours of one-on-one financial and business counseling. JA 14 (Complaint ¶ 51). Crowe Chizek and Company, LLC, (Crowe) received the subcontract on December 23, 2003. JA 15 (Complaint ¶ 60). Crowe is one of the ten largest public accounting firms in the United States. JA 13 (Complaint ¶ 45).

Ruffin alleges that this formal bid process was a sham. JA 13 (Complaint ¶¶ 47-49). Ruffin alleges that TSU did not follow federal and state procedures in accepting proposals for this subcontract. JA 13-14 (Complaint ¶ 50). Instead, TSU had already "preselected" the recipient. JA 12 (Complaint ¶ 43). He alleges that TSU and its employees conspired with Kruse & Associates, a large accounting firm in middle Tennessee that Crowe acquired on September 1, 2003, to ensure that Crowe (or Kruse) received the subcontract. JA 13 (Complaint ¶¶ 45-46). Ruffin alleges that Kruse & Associates was a predominantly Caucasian-owned firm. In exchange for preparing TSU's request for proposals, Crowe (or Kruse) would receive the subcontract from TSU. JA 13 (Complaint ¶ 45). Ruffin alleges that two or three employees of TSBDC instructed the three employees of TSBDC who were designated to evaluate the submitted proposals to select Crowe. JA 15 (Complaint ¶ 58). All of these TSBDC employees are defendants to this action.

Ruffin also alleges that Crowe was favored in the request because the request specified computer software that Crowe used. JA 14 (Complaint ¶ 52). He contends that the proposal was a sham because interested parties were given only eleven days to submit proposals. JA 14 (Complaint ¶ 53). Moreover, he alleges that TSU officials told DBEs to contact Crowe for accounting advice and represented to DBEs that Crowe would be receiving the subcontract. JA 14 (Complaint ¶ 54). TSU also told Harvey Hoskins, who did business as Hoskins & Company, that Crowe would receive the TSU subcontract. JA 14 (Complaint ¶ 55).

Ruffin alleges that TSU employees initially approached him to discuss a possible contract to perform accounting support services. However, he alleges that he was later told that he was not being considered. JA 12 (Complaint ¶ 41). He alleges that he was no longer being considered, at least in part, because he complained about TDOT's handling of the DBE program. JA 12 (Complaint ¶ 41).

*Procedural History*

Ruffin filed his complaint on January 22, 2004. JA 6 (Complaint). Ruffin brought suit against the State of Tennessee, TSU, employees of TDOT, and employees of TSU. Defendant Gerald Nicely is the Commissioner of TDOT, defendant Alvin Pearson was the Director of the Civil Rights Division for TDOT, and defendant Deborah Luter was the Director of Small Businesses for TDOT. Defendants John Ordung, Frank Battle, Gideon Dye, Jr., Margaret Robinson, and Marta Ferreira are all employees of TSU. JA 7-9 (Complaint ¶¶ 8-16).

In his complaint, Ruffin asserts five claims: (1) deprivation of equal protection, procedural due process, and free speech under 42 U.S.C. § 1983; (2) conspiracy to deprive him of his constitutional rights under 42 U.S.C. § 1985; (3) racial discrimination under Title VI of The Civil Rights Act of 1964, 42 U.S.C. § 2000d; (4) racial discrimination under 42 U.S.C. § 1981; and (5) retaliation under state law. The defendants responded to the complaint with a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). JA 34-35 (Mot. to Dismiss).

The district court granted the defendants' motion to dismiss. The district court first held that claims for money damages under § 1983 against the State and against individual defendants in their official capacities had to be dismissed based on sovereign immunity. The district court next held that Ruffin had not sufficiently alleged facts to demonstrate that the defendants discriminated against him on the basis of race. Therefore, the court dismissed his equal-protection claim under § 1983, his claim under § 1981, his claim under Title VI, and his conspiracy claim under § 1985. The district court then dismissed Ruffin's due process claims because he failed to identify any federally protected property interests. As for Ruffin's free speech claims, the district court held that Ruffin failed to allege facts to support any causal connection between his protected speech and the adverse action that TSU allegedly took against him. The district court also held, in the alternative, that Ruffin failed to state sufficient facts to establish that his right to free speech in this context was clearly established. Finally, after dismissing all of the federal claims, the district court declined to exercise supplemental jurisdiction over Ruffin's state-law claim of retaliation. Ruffin now appeals

the dismissal of his claims.

## II.

This court reviews de novo the district court's decision to grant a motion to dismiss. *See Goad v. Mitchell*, 297 F.3d 497, 500 (6th Cir. 2002).

The well-known pleading requirements of Federal Rule of Civil Procedure 8 apply to this case.[1] Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The district court dismissed Ruffin's claims because he failed to state a claim on which relief can be granted.[2] To dismiss for failure to state a claim, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The Supreme Court has stated that "[w]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*,

---

[1]Although the Supreme Court of the United States permits district courts to "insist that the plaintiff 'put forward specific, nonconclusory factual allegations' that establish improper motive causing cognizable injury in order to survive a prediscovery motion for dismissal" once defendants assert official immunity, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring)), the district court did not impose a heightened pleading standard upon Ruffin. Therefore, we will not review his complaint under a heightened pleading standard.

[2]The defendants also contended that the district court lacked subject-matter jurisdiction over some of the claims because sovereign immunity shielded Tennessee, TSU, and state officers in their official capacity from suit for money damages. The district court agreed. Ruffin concedes on appeal that sovereign immunity protects these defendants from suit for money damages. *See* Ruffin's Br. at 19.

416 U.S. 232, 236 (1974). This court must accept all well-pled facts in the complaint as true. *See Goad*, 297 F.3d at 500. However, this court "need not accept as true . . . unwarranted factual inferences." *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 608 (6th Cir. 2005) (citation omitted).

Under this standard, we affirm in part and reverse in part. We affirm the district court's dismissal of Ruffin's due process claims and his free speech claims for retroactive relief. We reverse, however, the district court's dismissal of Ruffin's free speech claim for prospective relief and his race-discrimination claims. Because Ruffin, with his free speech and race-discrimination claims, has stated federal claims for which relief can be granted, on remand, the district court should reconsider whether it must or should exercise supplemental jurisdiction over Ruffin's state-law retaliation claim.

## III.

Ruffin fails to state due process claims upon which relief can be granted because he has failed to identify any property interests arising from independent sources of law for the Federal Constitution to protect. Property interests are not created by the Federal Constitution; they are instead created by existing rules or understandings from an independent source. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Independent sources of law create property interests by manifesting "rules of mutually explicit understandings that support [the plaintiff's] claim of entitlement to the benefit and that [the plaintiff] might invoke at a hearing." *Perry v. Sindermann*,

408 U.S. 593, 601 (1972). Ruffin has not identified a property interest that he had in either the TDOT grant to TSU or the TSU subcontract to Crowe, and, thus, "no relief could be granted under any set of facts that could be proved consistent with the allegations" of Ruffin's complaint. *Hishon*, 467 U.S. at 73.

a.      *TDOT Grant to TSU*

Ruffin argues that the following language in a federal regulation creates a mutually explicit understanding of entitlement:

> When the State highway agency provides supportive services by *contract*, formal advertising is not required by FHWA; however, the State highway agency shall solicit proposals from such qualified sources as will assure the competitive nature of the procurement.

23 C.F.R. § 230.204(e) (emphasis added). As the district court held, this regulation applies on its face only to instances when the state seeks to award a contract, not a grant. Ruffin does not attempt to refute the district court's interpretation of the regulation; he simply ignores it in his brief. This regulation does not apply when grants are awarded, and thus it creates no property interest.

The district court also correctly noted that TDOT had authority under state law to award grants because the purpose of the funding was to benefit a public purpose. *See* Rule 0620-3-3-.08 of the Fin. and Admin. Regs. (at JA 95). On appeal, Ruffin does not contest the district court's reasoning or refer to any authority in support of his position that TDOT had to solicit contracts. Ruffin merely claims, instead, that he "had a <u>right</u> to receive the sole source grant, . . . awarded to

TSU in an illegal and improper manner." Ruffin's Br. at 20. Not surprisingly, he fails to say from where this right arises. Ruffin, therefore, has failed to state a claim that the defendants violated his constitutional right to due process in awarding the TDOT grant to TSU.

> b.      *TSU Subcontract to Crowe*

Ruffin also fails to identify any property interest that he had in receiving the subcontract that TSU awarded to Crowe. As with his claim that he had a right to receive the TDOT grant, Ruffin merely alleges that he "had a <u>right</u> to compete for the TSU contract . . . ." Ruffin's Br. at 21. He fails to identify any law or mutual understanding of entitlement that gives him a right to compete for the TSU subcontract. Moreover, the district court correctly noted that Tennessee has gone out of its way to quell any property interests in the proposal process: "Submission of a proposal shall not create rights, interests, or claims of entitlement in any proposer, including the best evaluated proposer." Tenn. Code Ann. § 12-4-109(a)(1)(B). Ruffin has failed to state due process claims for relief upon which relief can be granted.

**IV.**

Although Ruffin's First Amendment claims for retroactive relief should not proceed, his First Amendment claims for prospective relief should proceed. The district court held that Ruffin had not adequately pled facts to establish a violation of his First Amendment rights and that any right violated was not clearly established. To determine whether a state employee is entitled to qualified immunity, we employ a two-step analysis: "(1) whether, considering the allegations in a light most

favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005). The burden of proving that the right was clearly established "rests squarely on the plaintiff," *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997), and the "failure to present an argument in an appellate brief waives appellate review," *Brown v. I.R.S.*, 3 Fed. App. 272, 274 (6th Cir. Jan. 26, 2001) (referring to *Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir. 1997), and *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 881 (6th Cir. 1996)). On appeal, Ruffin has not adequately challenged the district court's holding that any rights violated were not clearly established. Ruffin only "submits that this was a clearly established Constitutional right." Ruffin's Br. at 22; Ruffin's R. Br. at 12. Ruffin waives this argument by failing to provide any argument or to refer to any cases. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir. 1997). Therefore, we have no reason to disturb the district court's holding that the defendants in their individual capacities were entitled to qualified immunity.

As for Ruffin's First Amendment claims for prospective relief, he has satisfied the requirements under Rule 8(a)(2) for a "short and plain statement." Although we require that plaintiffs "allege a factual predicate to support [their] claim[s]," *Maiden v. N. Am. Stainless*, No. 04-5443, 2005 WL 3557175, at *2 (6th Cir. Dec. 29, 2005) (per curiam), the complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)).[3] Ruffin has given the defendants notice and provided a factual predicate for his First Amendment claims for prospective relief.

As for the TDOT grant, Ruffin identified the grant, stated that he applied for the grant, alleged that TSU's proposal was substandard, alleged that he had complained to federal officials regarding the TDOT's handling of the DBE program, and alleged that he did not receive the grant. As for the TSU subcontract awarded to Crowe, Ruffin identified the contract at issue and alleged that he was first approached to apply, that he was later told that he was no longer being considered, that he was no longer being considered because of the complaints that he made to federal officials concerning TDOT's handling of the DBE program, and that another entity received the subcontract. In his complaint, Ruffin specifically brought claims for violation of his First Amendment right to free speech. These alleged facts are sufficient to put the defendants on notice of Ruffin's claim and the grounds upon which he relies.

**V.**

Ruffin's race-discrimination claims also survive a motion to dismiss. As mentioned previously in this opinion, to dismiss for failure to state a claim, it must be "clear that no relief could

---

[3]In *Maiden*, the plaintiff failed to allege any facts in the complaint concerning his intentional-interference claim. *See Maiden*, 2005 WL 3557175, at *2. The plaintiff had alleged facts in an affidavit, which the district court was not required to consider. *Id.* Because there were no alleged facts in the complaint, the plaintiff could not have put the defendant on notice of the facts surrounding the claim. Moreover, our opinion did not discuss the sufficiency of the facts alleged in the affidavit.

be granted under any set of facts that could be proved consistent with the allegations." *Hishon*, 467 U.S. at 73. Facts proved consistent with Ruffin's complaint could entitle him to relief. Ruffin has alleged that he is an African American man who applied for the TDOT contract and that he was not selected for the grant even though he had previous experience working with DBEs. Ruffin also alleged that he was told that he was no longer being considered for the TSU subcontract. His complaint describes the grant, the subcontract, the parties, and provides some relevant dates. He also brought race discrimination claims under various federal statutes and the Equal Protection Clause. As with his First Amendment claims, Ruffin presented a factual predicate and the grounds on which he sought relief regarding the TDOT grant. Ruffin may be able to uncover direct or indirect evidence of racial animus and thus be entitled to relief under facts consistent with his complaint. Although it may be unlikely that Ruffin will uncover such evidence, the Supreme Court has previously stated that "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Ruffin has stated race-discrimination claims upon which relief can be granted.

More facts may be helpful, but more facts are not necessary in a plaintiff's original complaint. The Supreme Court has recently and unanimously held that defendants alleging violations under Title VII need not plead a prima facie case of discrimination. *See Swierkiewicz*, 534 U.S. at 515. The lack of a requirement that all necessary elements of a claim be pled extends to all pleadings governed by Rule 8, not only Title VII claims. In *Swierkiewicz*, the Supreme Court referred to the Federal Rules of Civil Procedure Forms, which "are sufficient under the rule and are

intended to indicate the simplicity and brevity of statement which the rules contemplate." 534 U.S. at 513 n.4 (quoting Fed. R. Civ. P. 84). The Court then quoted Form 9, which "sets forth a complaint for negligence in which plaintiff simply states in relevant part: 'On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.'" *Id.* at 513 n.4. It is noteworthy that this brief allegation in Form 9 does not plead any damages, a necessary element of a negligence claim, yet the rules state that it is sufficient to state a claim for negligence. In light of *Swierkiewicz* and Form 9, Ruffin need not allege all elements of or all facts necessary for a prima facie claim under any of his theories of relief.

The Supreme Court noted in *Crawford-El* and in *Swierkiewicz*, however, that the Federal Rules of Civil Procedure arm the defendants and district court with ways of obtaining more facts and disposing of meritless claims without proceeding to trial. For instance, the defendants may file a motion for a more definite statement, pursuant to Rule 12(e), concerning the dates that the letters were sent to federal officials and who told the plaintiff that he was no longer being considered for the TSU subcontract. If Ruffin's answers reveal that he is not entitled to relief under any set of facts consistent with the more defined complaint, then dismissal is proper. *See Crawford-El*, 523 U.S. at 598. Or the district "court may order a reply to the defendant's . . . answer under Federal Rule of Civil Procedure 7(a)." *See id.* Even if Ruffin is entitled to discovery, the district court has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Id.*; *see* Fed. R. Civ. P. 26(b)(2). And the Supreme Court has held that "summary judgment serves as the ultimate

screen to weed out truly insubstantial lawsuits." *Crawford-El*, 523 U.S. at 600; *see also* *Swierkiewicz*, 534 U.S. at 512 ("[Rule 8's] simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."). Finally, if the claims are held to be frivolous or brought for an improper purpose, Rule 11 permits district courts to impose sanctions on the attorneys and parties. *See* Fed. R. Civ. P. 11(b) and (c). Although Rule 8 is rarely a ground on which to dismiss, the Federal Rules provide other ways for district courts to dispose of meritless claims.

## VI.

For the foregoing reasons, we affirm in part and reverse in part. We affirm the district court's dismissal of Ruffin's due process claims and First Amendment claims for retroactive relief. We reverse, however, the district court's dismissal of Ruffin's First Amendment claims for prospective relief and his race-discrimination claims. We remand these remaining claims to the district court for further proceedings consistent with this opinion. Because Ruffin has stated in his complaint federal claims for which he could be entitled to relief, the district court on remand should reconsider whether, in light of this court's opinion, it should exercise supplemental jurisdiction over the state-law claim.